FILED

APR 14 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Pastor Isabel Vela
4908 North Holt Ave
Unit 101
Fresno, California 93705

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA

          Plaintiff,

Vs.

CITY OF FRESNO; JERRY DYER, in his official capacity as Mayor of the City of Fresno and in his individual capacity to the extent alleged herein; ANNALISA PEREA, in her official capacity as Fresno City Councilmember and in her individual capacity to the extent alleged herein; MIKE KARBASSI, in his official capacity as Fresno City Councilmember and in his individual capacity to the extent alleged herein; MIGUEL ARIAS, in his official capacity as Fresno City Councilmember and in his individual capacity to the extent alleged herein; TYLER MAXWELL, in his official capacity as Fresno City Councilmember and in his

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:26-cv-02817-FJS

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL

- 1

individual capacity to the extent alleged herein; BRANDON VANG, in his official capacity as Fresno City Councilmember and in his individual capacity to the extent alleged herein; NICK RICHARDSON, in his official capacity as Fresno City Councilmember and in his individual capacity to the extent alleged herein; NELSON ESPARZA, in his official capacity as Fresno City Council President and in his individual capacity to the extent alleged herein; DOES 1 through 25, inclusive

Defendants.

## I. INTRODUCTION

1. This is a civil-rights action arising from the City of Fresno's deliberate indifference to, ratification of, and failure to correct serious constitutional violations inflicted upon Plaintiff Pastor Isabel Vela by Fresno police personnel and related City actors, after City policymakers were placed on repeated oral and written notice of those violations.

2. Plaintiff publicly reported to Fresno City leadership that officers had subjected her to an unlawful and humiliating frisk, denied her needed medical attention, failed to

- 2

document injury, allowed a civilian into her home without a warrant during police activity, threatened her with arrest for insisting on her constitutional right to refuse entry without a warrant, asserted that she "had no rights," and participated in the removal of children based on stale warrants.

3. Plaintiff did not merely complain informally. She placed these matters on the public record before the Fresno City Council on **February 19, 2026,** requested an **independent investigation,** and demanded **better training** for officers. She later returned on **March 19, 2026** and again placed the matter on the record, specifically objecting that the City had failed to act and that City leadership had permitted procedural irregularities that effectively silenced or marginalized her speech.

4. In addition to these public reports, Plaintiff emailed detailed written notice to City policymakers and senior officials, including the Mayor, the Chief of Police, all Councilmembers, and City Attorney personnel or attorneys acting with or for that office.

5. Despite actual notice, Defendants failed to order an independent review, failed to ensure referral to a genuinely neutral investigative process, failed to implement corrective training, failed to intervene to

prevent recurrence, and instead permitted a biased, internalized process to exonerate wrongdoing.

6. Defendants' inaction was not passive oversight. It was deliberate indifference to known constitutional violations and ratification of unconstitutional conduct. Their acts and omissions were a moving force behind continuing injury, suppression of Plaintiff's protected speech, and the ongoing deprivation of rights.

7. Plaintiff seeks compensatory damages, punitive damages where permitted, declaratory relief, and injunctive relief to stop ongoing constitutional violations and require lawful corrective action.

## II. JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

9. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

10.    The Court has supplemental jurisdiction over related California-law claims under 28 U.S.C. § 1367.

11.    Venue is proper in the Eastern District of California under 28 U.S.C. § 1391 because the events and

- 4

omissions giving rise to these claims occurred in Fresno County, California, within this District.

## III. PARTIES

12.        Plaintiff **Pastor Isabel Vela** is, and at all relevant times was, a resident of California and a pastor engaged in ministry, counseling, advocacy, and protected civic speech.

13.        Defendant **City of Fresno** is, and at all relevant times was, a municipal corporation and public entity organized under the laws of California. Fresno is a charter city with a strong-mayor form of government. The City's official materials state that the mayor is the chief executive officer and is responsible for the proper and efficient administration of all city affairs.

14.        Defendant **Jerry Dyer** was, at all relevant times, the Mayor of the City of Fresno. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity to the extent the facts show personal knowledge, ratification, deliberate indifference, and non-legislative participation in the deprivation of Plaintiff's rights.

15.        Defendants **Annalisa Perea, Mike Karbassi, Miguel Arias, Tyler Maxwell, Brandon Vang, Nick Richardson, and**

- 5 -

**Nelson Esparza** were, at all relevant times, Fresno City Councilmembers, with Esparza serving as Council President. They are sued in their official capacities for declaratory and injunctive relief and in their individual capacities only to the extent the facts show actual notice, deliberate indifference, ratification, suppression of protected speech, and non-legislative conduct outside the protection of legislative immunity.

16.     Defendants **DOES 1 through 25** are persons or entities whose true names and capacities are presently unknown to Plaintiff, including but not limited to additional City officials, supervisory officials, investigators, attorneys, advisors, and policymakers who participated in, approved, concealed, or failed to correct the unconstitutional conduct described herein. Plaintiff will amend this Complaint when their identities are discovered.

17.     At all relevant times, each Defendant acted under color of state law and within the course and scope of his, her, or its authority, agency, employment, or apparent authority, except where otherwise alleged.

## IV. FACTUAL ALLEGATIONS

## A. The underlying constitutional violations reported by Plaintiff

18.      On or about **February 6, 2026,** Fresno police and related actors engaged in conduct at or involving Plaintiff's home and ministry context that Plaintiff contends violated multiple constitutional rights.

19.      Plaintiff alleges that during the encounter and its aftermath, officers or persons acting in concert with them engaged in the following conduct:

20.      Plaintiff was subjected to an unlawful and humiliating frisk in public, including the invasive placement of hands up her skirt, without lawful justification and in a manner that was unreasonable, degrading, and violative of bodily integrity.

21.      Plaintiff sustained injury, including nerve-related injury to her hand, yet officers failed and refused to provide appropriate medical assistance or ensure prompt medical care.

22.      Officers failed to document Plaintiff's injury and failed to properly record material facts concerning the incident.

23.    Officers allowed a civilian into Plaintiff's home during police presence and activity without a warrant, valid consent, or lawful basis.

24.    Officers threatened Plaintiff with arrest because she asserted her right to insist upon a warrant before entry.

25.    Officers told Plaintiff, in substance, that she "had no rights."

26.    Children were removed or affected under stale warrants or warrants that no longer justified the conduct undertaken, or under circumstances in which the asserted legal authority was materially defective, stale, or improperly invoked.

27.    Plaintiff contends the above conduct violated clearly established rights under the First, Fourth, and Fourteenth Amendments.

**B. Plaintiff gave public notice to City policymakers on February 19, 2026**

28.    On **February 19, 2026,** Plaintiff appeared before the Fresno City Council and publicly reported the above constitutional violations.

29.    Plaintiff specifically placed Defendants on notice of the invasive frisk and humiliation, denial of

medical care, nerve damage to her hand, failure to document injuries, warrantless civilian entry into her home, threats of arrest for asserting warrant rights, statements that she had "no rights," and the use of stale warrants regarding children.

30.        At that same meeting, Plaintiff expressly requested an **independent investigation** and requested **better training** for officers.

31.        Plaintiff alleges that City leadership knew in advance that she intended to speak on these matters.

32.        Plaintiff further alleges that on February 19, 2026, unscheduled public comment was delayed until approximately **4:40 p.m.**, effectively relegating Plaintiff's speech to the end of the meeting.

33.        Plaintiff alleges that quorum was not properly present when public comment was taken, or that the City proceeded under circumstances that made the taking of public comment legally defective and fundamentally unfair.

34.        Plaintiff alleges that the City Attorney and City Manager were present and failed to intervene, advise correction, or otherwise prevent the meeting from proceeding in a procedurally unlawful or suppressive manner.

35.     By delaying Plaintiff's comments until the end of the meeting, after advance knowledge of the subject matter, City officials reduced meaningful public oversight, diminished the audience for her complaints, and burdened her right to petition for redress.

## C. Plaintiff renewed notice on March 19, 2026

36.     On **March 19, 2026**, Plaintiff again appeared before the Fresno City Council and placed additional concerns on the record.

37.     Plaintiff specifically stated that the February 19, 2026 meeting had proceeded without proper quorum and that the City Attorney and City Manager had allowed it to happen.

38.     Plaintiff further stated that she believed the delay and structure of public comment operated to silence or suppress her reporting of constitutional violations.

39.     Plaintiff alleges that at the March 19, 2026 meeting, unscheduled comments were again pushed to the very end and she was not called to speak until approximately **5:30 p.m.**, after most attendees had left.

40.     Defendants again failed to provide a meaningful response, independent review, corrective action, or training commitment.

- 10

## D. Plaintiff also gave written notice to policymakers

41.    In addition to her public testimony, Plaintiff sent written emails containing detailed facts and allegations to policymakers and senior officials, including the Mayor, all Councilmembers, the Chief of Police, and attorneys within or associated with the City Attorney's Office.

42.    These written notices described the same core constitutional violations and requested meaningful intervention, review, accountability, and corrective action.

43.    Defendants thereby had actual written and oral notice of serious constitutional violations.

## E. Defendants failed to act and instead ratified the misconduct

44.    Despite repeated notice, Defendants did not ensure a neutral, independent investigation.

45.    Instead, the matter was allegedly retained within an internal chain-of-command process and not meaningfully referred to a genuinely independent review.

46.    Plaintiff is informed and believes that Sergeant Ashworth retained control over the matter, deemed there to be no wrongdoing, and reported in substance that the officers had done nothing wrong.

- 11

47.      This exoneration occurred despite allegations of an invasive search, denial of medical care, failure to document injury, warrantless intrusion by a civilian, and threats tied to Plaintiff's assertion of constitutional rights.

48.      Plaintiff further alleges that this internalized clearance occurred only days after notice was given that federal litigation would be pursued.

49.      Defendants Mayor, Councilmembers, and other policymakers failed to override, review, reject, or independently scrutinize the exoneration and failed to require corrective training or discipline.

50.      Their inaction communicated tolerance, acceptance, and ratification of unconstitutional conduct.

## F. City structure, policymaker authority, and municipal notice

51.      Fresno's official materials describe the City as a strong-mayor charter city and identify the mayor as chief executive responsible for the proper and efficient administration of city affairs.

52.      The official City roster identifies the seven Councilmembers named above as the elected legislative body of the City, with Nelson Esparza as Council President.

- 12

53.        By virtue of their offices, public meeting roles, authority over governance, access to the City Attorney and City administration, and receipt of Plaintiff's oral and written notices, these officials were policymakers or were acting in close conjunction with policymakers for purposes of notice, ratification, and prospective injunctive relief.

**G. Background context supporting Plaintiff's speech-suppression theory**

54.        Public-interest organizations, including the ACLU of Northern California and First Amendment Coalition, publicly announced a lawsuit against the City of Fresno alleging repeated Brown Act violations in the City's budget process and seeking compliance with open-meeting, notice, and public-comment requirements. Plaintiff references that public litigation not as a substitute for her own facts, but as background context showing that concerns about Fresno's handling of public participation and meeting legality were not novel.

55.        Plaintiff alleges that Defendants' conduct toward her at the February 19 and March 19, 2026 meetings was consistent with a pattern of minimizing or burdening meaningful public participation when City wrongdoing was being raised.

**H. Conflict of Interest and Anticipated Disqualification of Municipal Counsel**

56.     Plaintiff is informed and believes that attorneys within the City Attorney's Office, or attorneys acting under its authority, received detailed written notice of the constitutional violations described herein prior to and following the February 19, 2026 and March 19, 2026 City Council meetings.

57.     Plaintiff is further informed and believes that representatives of the City Attorney's Office were physically present during the February 19, 2026 meeting at which quorum deficiencies and procedural irregularities occurred, and failed to intervene, advise correction, or prevent the continuation of the meeting under unlawful conditions.

58.     As such, the City Attorney's Office possesses firsthand knowledge of material disputed facts, including but not limited to:

(a) whether quorum was present;

(b) whether the meeting was conducted lawfully;

(c) whether City officials were on notice of constitutional violations;

(d) whether corrective action was advised or deliberately withheld.

- 14

59.        Plaintiff further alleges that these facts render one or more attorneys within the City Attorney's Office likely material witnesses in this action.

60.        Additionally, Plaintiff alleges that the interests of the City of Fresno, the Mayor, the City Council Defendants, and other individual defendants are likely to diverge, including but not limited to issues of policymaker liability, ratification, reliance on legal advice, scope of authority, and responsibility for corrective action.

61.        Plaintiff is informed and believes that Defendants may assert defenses that rely upon advice of counsel, lack of authority, or delegation of responsibility, thereby placing the City Attorney's Office in a position where its role as legal advisor is directly implicated in disputed facts.

62.        Accordingly, joint representation by the City Attorney's Office presents a substantial risk of conflict of interest, including but not limited to conflicts arising under the advocate-witness rule and conflicts arising from materially adverse or divergent defenses among Defendants.

63.        Plaintiff expressly reserves the right to seek disqualification of conflicted counsel, the appointment of separate counsel for one or more Defendants, and/or other

appropriate relief upon appearance of counsel and further development of the record.

## V. FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – FIRST AMENDMENT

## Retaliation; Petition Clause; Suppression of Protected Speech Against All Defendants

64.   Plaintiff realleges and incorporates by reference paragraphs 1 through 63.

65.   The First Amendment protects the rights to speak on matters of public concern, to petition the government for redress of grievances, and to criticize official misconduct.

66.   Plaintiff engaged in protected activity by reporting police misconduct, speaking at public council meetings, seeking redress from City officials, emailing policymakers, and announcing an intent to seek federal judicial relief.

67.   Defendants knew of Plaintiff's protected speech and petitioning activity.

68.   Defendants burdened, chilled, and retaliated against that activity by, among other things, delaying her ability to speak until the end of meetings despite advance notice of her purpose, permitting public-comment procedures to be

- 16

manipulated or applied in a suppressive manner, refusing meaningful response, refusing independent review, and allowing internal exoneration to stand after she engaged in protected speech and threatened federal action.

69. Defendants' conduct would chill a person of ordinary firmness from continuing to report official misconduct.

70. Defendants' acts and omissions were motivated, at least in substantial part, by hostility to Plaintiff's criticism of police conduct and by a desire to minimize, marginalize, or neutralize her complaints.

71. There was no legitimate governmental interest sufficient to justify suppressing, delaying, or burdening Plaintiff's speech and petitioning activity in the manner alleged.

72. As a direct and proximate result, Plaintiff suffered emotional distress, humiliation, fear, frustration of civic participation, interference with ministry, and other damages.

## VI. SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

### Bodily Integrity; Deliberate Indifference to Known Constitutional Violations

### Against City of Fresno, Mayor Dyer, and Doe Defendants

73.    Plaintiff realleges and incorporates by reference paragraphs 1 through 72.

74.    The Fourteenth Amendment protects against arbitrary governmental intrusion upon bodily integrity and protects individuals from deliberate indifference to serious harms caused or perpetuated by state actors.

75.    Plaintiff reported severe and humiliating bodily intrusion, denial of medical care, injury, and related constitutional misconduct.

76.    After actual notice, Defendants had the power and duty, consistent with their offices and supervisory responsibilities, to take reasonable steps to prevent recurrence, order meaningful review, and ensure lawful corrective action.

77.    Instead, Defendants were deliberately indifferent to the obvious risk that unconstitutional conduct would continue unchecked.

- 18

78.    Their failure to act in the face of known violations constituted tacit authorization and deliberate indifference.

79.    As a direct and proximate result, Plaintiff suffered ongoing harm, fear, emotional distress, and deprivation of constitutional rights.

## VII.  THIRD CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY (MONELL)

## Against City of Fresno

80.    Plaintiff realleges and incorporates by reference paragraphs 1 through 71.

81.    A municipality is liable under 42 U.S.C. § 1983 when execution of its policy, custom, practice, ratification, or deliberate indifference causes constitutional injury. Section 1983 authorizes suit against any person acting under color of law who deprives another of federal rights.

82.    At all relevant times, the City of Fresno maintained customs, practices, or policies including one or more of the following:

83.    Failing to ensure meaningful, neutral review of serious police misconduct complaints.

- 19

84. Permitting internal chain-of-command handling of serious civil-rights complaints in lieu of independent accountability.

85. Failing to train officers and supervisors regarding warrant requirements, bodily searches, medical response obligations, documentation of injuries, and handling of civilians during police operations.

86. Failing to train City leadership and meeting officials to protect meaningful public participation when residents report constitutional violations.

87. Ratifying unconstitutional conduct after policymakers received actual notice through public meetings and direct written communications.

88. Tolerating or acquiescing in suppression or marginalization of public criticism directed at police or City misconduct.

89. The City had actual notice of the need for better training and supervision because Plaintiff expressly requested better training and an independent investigation on February 19, 2026 and renewed those concerns on March 19, 2026.

90. The City also had actual written notice through Plaintiff's emails to senior officials and policymakers.

91.   Despite such notice, the City failed to take appropriate corrective action.

92.   The City's deliberate indifference to the obvious consequences of these failures was a moving force behind the violation of Plaintiff's rights.

93.   As a direct and proximate result, Plaintiff suffered the injuries described herein.

## VIII. FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – SUPERVISORY LIABILITY / RATIFICATION

### Against Mayor Dyer and Doe Defendants

94.   Plaintiff realleges and incorporates by reference paragraphs 1 through 93.

95.   Supervisory officials may be liable under § 1983 when culpable action or inaction is directly attributable to them and when they set in motion, knowingly refuse to stop, or knowingly acquiesce in a series of acts that cause constitutional injury. Ninth Circuit authority has repeatedly cited Larez v. City of Los Angeles for this principle.

96.   Mayor Dyer, by virtue of his executive position, authority over City administration, receipt of written notice, knowledge of Plaintiff's public complaints, and ability to direct corrective action or demand lawful

response, had actual notice of the serious constitutional violations at issue.

97.    Rather than ensuring lawful intervention, independent review, meaningful accountability, and corrective training, Mayor Dyer failed to act and thereby ratified the unconstitutional conduct.

98.    To the extent discovery shows that specific Doe supervisory defendants, including City administrators, police supervisors, or attorneys with operational authority, similarly received notice and chose not to act, those Doe defendants are likewise liable.

99.    Their failures were not isolated mistakes but knowing inaction in the face of an obvious risk of continued rights violations.

100.    As a direct and proximate result, Plaintiff suffered the injuries described herein.

## IX. FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – DENIAL OF MEANINGFUL ACCESS TO GOVERNMENTAL REDRESS / PROCEDURAL DUE PROCESS

### Against City of Fresno, Mayor Dyer, Councilmember Defendants, and Doe Defendants

101.    Plaintiff realleges and incorporates by reference paragraphs 1 through 92.

- 22

102.   While public-comment rules may be regulated in content-neutral ways, government officials may not structure or apply meeting procedures in a manner intended to silence, marginalize, or effectively nullify protected petitioning activity.

103.   Plaintiff alleges that Defendants knew she intended to report grave constitutional violations and then relegated her remarks on February 19, 2026 and March 19, 2026 to the very end of proceedings, after meaningful public attention had dissipated.

104.   Plaintiff further alleges that procedural defects, including the absence of proper quorum on February 19, 2026, rendered the process legally defective and functionally suppressive.

105.   Defendants thereby denied Plaintiff a meaningful opportunity to seek redress through official channels and burdened her right to access government processes on equal and lawful terms.

106.   These acts were arbitrary, retaliatory, and conscience-shocking in the context alleged.

107.   As a result, Plaintiff suffered the injuries described herein.

## X. SIXTH CLAIM FOR RELIEF

## 42 U.S.C. § 1985(3) – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

**Against All Defendants**

108.    Plaintiff realleges and incorporates by reference paragraphs 1 through 107.

109.    Defendants, and each of them, reached a mutual understanding, agreement, or tacit meeting of the minds to suppress, neutralize, disregard, or ratify Plaintiff's complaints of constitutional wrongdoing.

110.    The conspiracy is evidenced by coordinated inaction despite repeated notice, the failure to order independent review, the acceptance of a chain-of-command exoneration, and the repeated handling of public comment in a manner that burdened Plaintiff's speech.

111.    Through overt acts including meeting management, refusal to intervene, refusal to order independent review, refusal to implement corrective training, and coordinated indifference following notice of impending federal litigation, Defendants acted in concert to deprive Plaintiff of equal protection and equal enjoyment of rights secured by law.

112.    As a result, Plaintiff suffered the injuries described herein.

113.    Plaintiff alleges this claim upon information and belief and will amend with additional detail after discovery.

## XI. SEVENTH CLAIM FOR RELIEF

## 42 U.S.C. § 1986 – NEGLECT TO PREVENT

## Against Defendants with Knowledge and Preventive Power

114.    Plaintiff realleges and incorporates by reference paragraphs 1 through 113.

115.    Defendants with knowledge of the conspiracy and with power to prevent or aid in preventing the wrongs described herein neglected and refused to do so.

116.    Their neglect enabled the continued deprivation of Plaintiff's constitutional rights and caused damages.

## XII. EIGHTH CLAIM FOR RELIEF

## California Civil Code § 52.1 (Bane Act)

## Against All Defendants

117.    Plaintiff realleges and incorporates by reference paragraphs 1 through 116.

118.    California Civil Code § 52.1 provides a civil remedy where a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with rights secured by the Constitution or laws of the United States or California. California's legislative text identifies § 52.1 as the Tom Bane Civil Rights Act and authorizes such claims.

119.    Defendants interfered, and attempted to interfere, with Plaintiff's constitutional rights by threats, intimidation, and coercion, including threats of arrest for asserting warrant rights, telling her she had no rights, permitting and ratifying humiliating bodily intrusion, and suppressing or burdening her efforts to seek official redress.

120.    Defendants' coercive conduct was separate from and in addition to the underlying constitutional violations, including the threat of arrest, the intimidation inherent in the humiliating frisk, and the retaliatory burdening of Plaintiff's protected complaints.

121.    As a direct and proximate result, Plaintiff suffered damages.

## XIII. NINTH CLAIM FOR RELIEF

### Declaratory Relief

### Against All Defendants

122.    Plaintiff realleges and incorporates by reference paragraphs 1 through 121.

123.    An actual controversy exists regarding whether Defendants' acts and omissions violated Plaintiff's rights under the United States Constitution and California law.

124.    Plaintiff seeks a judicial declaration that Defendants' conduct, policies, customs, ratifications, and deliberate indifference were unlawful.

## XIV. TENTH CLAIM FOR RELIEF

### Injunctive Relief

### Against City of Fresno and Official-Capacity Defendants

125.    Plaintiff realleges and incorporates by reference paragraphs 1 through 124.

126.    Plaintiff has suffered irreparable injury and faces a real and immediate threat of continued harm absent injunctive relief because Defendants have neither acknowledged nor corrected the unconstitutional practices alleged.

127.     Legal remedies alone are inadequate to prevent future retaliation, suppression of speech, sham review, or continued tolerance of unconstitutional police practices.

128.     Plaintiff seeks narrowly tailored injunctive relief requiring, at minimum:

129.     A lawful, neutral, and independent review process for Plaintiff's complaints.

130.     Preservation and production of records relating to the incidents, complaints, emails, meeting recordings, and internal review.

131.     Training and supervisory directives concerning warrant rights, bodily searches, medical-response obligations, documentation of injury, and civilian presence during police operations.

132.     Policies ensuring meaningful and non-suppressive administration of public comment when residents report official misconduct.

133.     A prohibition against retaliatory treatment of Plaintiff for pursuing complaints, speaking at meetings, or seeking judicial relief.

## XV.  DAMAGES

134.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered and continues to

suffer humiliation, emotional distress, fear, anxiety, loss of dignity, interference with ministry, loss of peace, time, expense, and other compensatory damages in an amount to be proven at trial.

135.   Plaintiff is entitled to recover damages under 42 U.S.C. § 1983 and related provisions.

136.   Plaintiff seeks punitive damages against individual defendants to the extent permitted by law for malicious, oppressive, reckless, or callous indifference to federally protected rights.

137.   Plaintiff seeks attorney's fees and costs under 42 U.S.C. § 1988 and other applicable law.

## XVI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. For compensatory damages according to proof;

B. For punitive damages against individual defendants where permitted;

C. For declaratory relief that Defendants' conduct violated Plaintiff's rights;

- 29

D. For preliminary and permanent injunctive relief as set forth above;

E. For costs of suit and reasonable attorney's fees under 42 U.S.C. § 1988 and other applicable law; (If applicable)

F. For pre-judgment and post-judgment interest as allowed by law;

G. For such other and further relief as the Court deems just and proper.

H. For such further orders as may be necessary to address any actual or potential conflict of interest arising from joint representation of Defendants, including disqualification, withdrawal, or appointment of separate counsel where required by law.

**XVII. JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: 4-14-2026

_____
Pastor Isabel Vela, Plaintiff in Pro Per
(559) 667-3608
Ofh13.5@proton.me

- 30

**DECLARATION OF PASTOR ISABEL VELA**
**IN SUPPORT OF COMPLAINT**

I, Pastor Isabel Vela, declare as follows:

**I. INTRODUCTION**

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to those facts.

2. This Declaration is submitted in support of my Complaint and sets forth the events, notice, and harm I experienced as a result of the actions and inactions of Defendants.

**II. FEBRUARY 6, 2026 INCIDENT AND RELATED CONDUCT**

3. On or about February 6, 2026, law enforcement officers associated with the Fresno Police Department engaged in conduct involving me and my residence.

4. During this incident, I was subjected to an unlawful and humiliating search in public, including an officer placing her hands up my skirt.

5. This conduct caused me humiliation, emotional distress, and violated my bodily integrity.

6. During or following this incident, I sustained injury, including nerve-related injury to my hand.

- 31

7. Despite my condition, officers failed to provide medical care or ensure that I received appropriate medical attention.

8. Officers also failed to properly document my injuries.

9. During this same incident, officers allowed a civilian to enter my home without a warrant and without lawful justification.

10. I asserted my right to require a warrant before entry into my home.

11. In response, I was threatened with arrest for asserting that right.

12. I was also told, in substance, that I had "no rights."

13. I further observed or became aware of actions involving the removal of children under what I believed to be stale or invalid warrants.

## III. FEBRUARY 19, 2026 CITY COUNCIL MEETING

14. On February 19, 2026, I attended a Fresno City Council meeting.

15. I appeared to speak during public comment regarding the violations I experienced.

16. I was required to wait until approximately 4:40 p.m. to speak, despite the seriousness of the issues and prior notice to the City.

17.     When I spoke, I placed on the record the violations described above, including:

- The unlawful and invasive frisk

- The humiliation I experienced

- The denial of medical care

- The injury to my hand

- The failure to document injuries

- The unlawful entry of a civilian into my home

- The threats of arrest for asserting my rights

- Statements that I had "no rights"

- The use of stale warrants involving children

18.     During that meeting, I formally requested:

- An independent investigation into the incident; and

- Improved training for officers to prevent further violations

19.     I observed that the meeting proceeded under circumstances where quorum was not properly present when public comment was taken.

20.     Representatives of the City Attorney's Office were present during this meeting.

21.     No corrective action was taken to address the quorum issue or the manner in which the meeting proceeded.

**IV. MARCH 19, 2026 CITY COUNCIL MEETING**

22.    On March 19, 2026, I again attended a Fresno City Council meeting.

23.    I placed on the record that:

- The February 19 meeting lacked proper quorum

- City leadership allowed the meeting to proceed

- I believed the conduct suppressed my ability to report constitutional violations

24.    I was again required to wait until the end of the meeting to speak.

25.    I was not called to speak until approximately 5:30 p.m., after most attendees had left.

26.    No meaningful response, investigation, or corrective action was provided.

**V. WRITTEN NOTICE TO CITY OFFICIALS**

27.    In addition to speaking at public meetings, I sent written communications via email detailing the violations I experienced.

28.    These communications were sent to:

- The Mayor of Fresno

- Members of the Fresno City Council

- The Chief of Police

- 34

- Representatives of the City Attorney's Office or attorneys acting on its behalf

29.    These emails included detailed descriptions of the violations and requested action, including investigation and corrective measures.

30.    Despite these communications, I did not receive meaningful action, investigation, or corrective response.

## VI. FAILURE TO ACT AND RATIFICATION

31.    Based on my observations and information available to me, the matter was not referred for an independent investigation.

32.    Instead, I am informed and believe that the matter was handled internally within the chain of command.

33.    I am informed and believe that Sergeant Ashworth retained control over the matter and determined that no wrongdoing had occurred.

34.    This determination was made despite the severity of the conduct I reported.

35.    No corrective action, discipline, or meaningful review was communicated to me.

36.    The failure of City leadership to intervene or require independent review led me to believe that the conduct was being accepted or ratified.

- 35

## VII. IMPACT AND HARM

37.    As a result of the conduct described above, I have suffered:

- Emotional distress

- Humiliation

- Fear and anxiety

- Ongoing concern for my safety and rights

- Interference with my work, ministry, and daily life

38.    The actions of Defendants and their failure to act have caused me to lose trust in the fairness and accountability of City processes.

39.    I continue to experience distress and concern that similar violations may occur again.

## VIII. CONTINUING CONCERNS

40.    To this day, I have not received a meaningful independent investigation or corrective action.

41.    I remain concerned that the conduct I experienced is part of a broader failure to properly train, supervise, and hold accountable those acting under the authority of the City.

## IX. CONCLUSION

42.    I declare this to provide a truthful account of the events I experienced and the actions and inactions of Defendants.

43.    I submit this Declaration in support of my Complaint and the relief requested therein.

I attest under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: _____4·14-2026_____

At: _____FRESNO, CA_____

_____

Pastor Isabel Vela

- 37

# EXHIBIT "A"

# URGENT-FRESNO PD

From   Pastor Isabel Vela <ofh13.5@proton.me>

To   esmeralda.soria@fresno.gov, mike.karbassi@fresno.gov, miguel.arias@fresno.gov, tyler.maxwell@fresno.gov, luis.chavez@fresno.gov, garry.bredefeld@fresno.gov, nelson.esparza@fresno.gov, clerk@fresno.gov

Date   Saturday, February 7th, 2026 at 6:12 AM

Law enforcement threatens to arrest a Pastor and does, for exercising her right to no entry without a warrant. Officers later enter the home without consent or warrant and allow a male civilian into the home without the owners permission or consent.

https://share.icloud.com/photos/013QalkYUVp1MRi2KcJtKTtVQ

Please share. (559) 667-3608



Thank you, God Bless.

**Pastor Isabel Vela**
(559) 667-3608

"I will never leave you nor forsake you." -Hebrews 13.5

# URGENT-FRESNO PD

From    Pastor Isabel Vela <ofh13.5@proton.me>

To      vongm@cityofclovis.com, nvosburg@coalinga.com, district2@fresnocountyca.gov, fvaldez@firebaugh.org, jmejia@ci.fowler.ca.us, jerry.dyer@fresno.gov, admasst@cityofhuron.com, mpacheco@gmail.com, bpursell@cityofkingsburg-ca.gov, vmartinez@cityofmendota.com, ccisneros@cityoforangecove.com, abeltran@parlier.ca.us, MTuttle@reedley.ca.gov, adamf@cityofsanjoaquin.org, fgonzalez@ci.sanger.ca.us, scottr@cityofselma.com

Date    Saturday, February 7th, 2026 at 6:09 AM

Law enforcement threatens to arrest a Pastor and does,  for exercising her right to no entry without a warrant. Officers later enter the home without consent or warrant and allow a male civilian into the home without the owners permission or consent.

https://share.icloud.com/photos/013QaIkYUVp1MRi2KcJtKTtVQ

Please share. (559) 667-3608



Thank you, God Bless.

**Pastor Isabel Vela**
(559) 667-3608

"I will never leave you nor forsake you." -Hebrews 13.5

# URGENT-FRESNO PD

From    Pastor Isabel Vela <ofh13.5@proton.me>

To    jerry.dyer@fresno.gov, mayor@fresno.gov, CityManager@fresno.gov, District1@fresno.gov,
District2@fresno.gov, District3@fresno.gov, District4@fresno.gov, District5@fresno.gov, District6@fresno.gov,
District7@fresno.gov

Date    Saturday, February 7th, 2026 at 6:06 AM

Law enforcement threatens to arrest a Pastor and does, for exercising her right to no entry without a warrant. Officers
later enter the home without consent or warrant and allow a male civilian into the home without the owners
permission or consent.

https://share.icloud.com/photos/013QalkYUVp1MRi2KcJtKTtVQ

Please share. (559) 667-3608



Thank you, God Bless.

**Pastor Isabel Vela**
(559) 667-3608

"I will never leave you nor forsake you." -Hebrews 13.5

**EXHIBIT "B"**

# DEMAND TO CURE AND CORRECT — BROWN ACT AND FRESNO CITY CHARTER VIOLATIONS (Gov. Code § 54960.1)

From    Pastor Isabel Vela <ofh13.5@proton.me>

To      mayor@fresno.gov, District1@fresno.gov, District2@fresno.gov, District3@fresno.gov, District4@fresno.gov, District5@fresno.gov, District6@fresno.gov, District7@fresno.gov, Larry.Bowlan@fresno.gov, Angela.Karst@fresno.gov, Daniel.Casas@fresno.gov, mindy.casto@fresno.gov, Ruth.quinto@fresno.gov, Tj.miller@fresno.gov, Francine.Kanne@fresno.gov, Tracy.Parvanian@fresno.gov, amanda.freeman@fresno.gov, jennifer.quintanilla@fresno.gov, erin.martin@fresno.gov, mao.lee@fresno.gov, sarah.papazian@fresno.gov, travis.stokes@fresno.gov, whitney.hendricks@fresno.gov, jesse.banuelos@fresno.gov, Gregory.barfield@fresno.gov, kristi.costa@fresno.gov, ashley.paulson@fresno.gov, brandon.collet@fresno.gov, Tina.Griffin@fresno.gov, esmeralda.soria@fresno.gov, garry.bredefeld@fresno.gov, luis.chavez@fresno.gov, miguel.arias@fresno.gov, mike.karbassi@fresno.gov, nelson.esparza@fresno.gov, tyler.maxwell@fresno.gov, jerry.dyer@fresno.gov, CityManager@fresno.gov

Date    Monday, February 23rd, 2026 at 7:42 AM

To Whom It May Concern:

This letter constitutes a formal demand that the City of Fresno cure and correct violations of the Ralph M. Brown Act and the Fresno City Charter arising from the Fresno City Council meeting held on February 19, 2026.

# FACTUAL BASIS

At the above meeting:

- Unscheduled public comment was delayed until after agenda items and multiple closed sessions.

- The Council recessed and returned without the full legislative body.

- At the time public comment was heard, only the Council President and one Councilmember were present.

- Fresno City Council consists of seven members, and therefore four members are required for a quorum. (Please see image attached).

- No quorum was present when public comment was taken.

- Public comment was therefore not heard by the legislative body.

- Most members of the public had left due to the delay.

# LEGAL VIOLATIONS

### 1. Violation of Government Code § 54954.3

The Brown Act requires a meaningful opportunity to address the legislative body.
Because no quorum of the Fresno City Council was present, the public was not permitted to address the legislative body.

### 2. Violation of Government Code § 54950

California law requires public meetings be conducted openly and transparently to ensure public participation in governmental decision-making.

### 3. Violation of Fresno City Charter § 503 (Quorum Requirement)

A majority of Council members constitutes a quorum for conducting business.
With only two of seven members present, the Council lacked authority to conduct business or receive public comment.

# DEMAND

Pursuant to Government Code § 54960.1, the City must:

1. Cure and correct the violations described herein.

2. Provide a new opportunity for public comment before a quorum of the Fresno City Council.

3. Confirm future compliance with Brown Act and City Charter requirements.

4. Provide written response within the statutory period.

Failure to cure and correct may result in further legal action.



Thank you, God Bless.

**Pastor Isabel Vela**
(559) 667-3608

"I will never leave you nor forsake you." -Hebrews 13.5

# EXHIBIT "C"

**Demand for preservation of evidence**

From   Pastor Isabel Vela <ofh13.5@proton.me>

To   info@fresnocograndjury.com

CC   PoliceDept<policedept@fresno.gov>, mayor@fresno.gov, jerry.dyer@fresno.gov, mindy.casto@fresno.gov, Larry.Bowlan@fresno.gov

Date   Saturday, February 7th, 2026 at 10:17 AM

# FORMAL COMPLAINT AGAINST LAW ENFORCEMENT OFFICERS

**AND DEMAND FOR PRESERVATION OF EVIDENCE**

## COMPLAINANT INFORMATION

**Name:** Isabel Vela
**Title:** Pastor
**Address:** 4908 N Holt Ave Unit 101 Fresno Ca
**Phone:** (559) 667-3608
**Email:** ofh13.5@proton.me

## AGENCY AND OFFICERS INVOLVED

**Agency:** Fresno Police Department
**Date of Incident:** February 6, 2026
**Location:** 4908 N Holt Ave Unit 101 Fresno Ca

**Officers Involved (to the extent presently known):**

- Supervising Sergeant (name unknown at this time) but clear video and images are available.

- Female Officer (name unknown at this time) but was the transporting officer from the above address to the booking center.

- Additional officers present (names unknown at this time) but clear video and images are available.

- CPS personnel involved (names unknown at this time)

## PURPOSE OF THIS COMPLAINT

This complaint is submitted to formally report **serious misconduct, constitutional violations, abuse of authority, and supervisory failures** arising from a law enforcement encounter on February 6, 2026.

This complaint also serves as a **formal demand that all evidence related to this incident be immediately preserved**, as the matter is reasonably anticipated to result in litigation, including potential federal civil rights claims.

## STATEMENT OF FACTS

1. On February 6, 2026, law enforcement officers arrived at my residence and requested entry. I advised that I did not consent to entry without a warrant.

2. I asked officers whether there was an emergency requiring immediate entry, including whether they heard children crying or screaming. Officers stated there was **no emergency** and that they heard **no crying or screaming**.

3. Despite the absence of exigent circumstances, officers remained on scene and escalated the encounter.

4. The supervising sergeant stated during a phone call that I was "unwilling to cooperate." I immediately corrected him and stated:
   **"I am not unwilling to cooperate. I am however exercising my right to no entry without a warrant."**

5. On video and audio recording, the supervising sergeant stated that he would arrest me **for exercising my rights**. When I asked him to confirm that I would be arrested for exercising my rights, he confirmed that he would. In the same recording, he stated that he had spoken to his legal team and that I "have no rights."

6. Officers showed me a warrant relating to minor children but refused to provide me with a copy and did not inform me of any court hearing, case number, or judicial process related to the removal.

7. A CPS worker stated that I was not entitled to a copy of the warrant because caregiving authorization documents signed by the mother were "not notarized."

8. A female officer claimed that because I am a lawful firearm owner and minors were believed to be present, officers had the right to enter my home. I informed her that my firearm was not located on the property, was secured at a different location, and I provided the address.

9. After a phone call, I was asked again about the firearm. When I exercised my right to remain silent, I was falsely described as "unwilling to cooperate," which I immediately corrected.

10. I was handcuffed tightly, causing swelling and numbness in my hands, and cited.

11. I repeatedly requested medical care. Officers first stated medical was on the way **for me**, then stated the medical response was **for the children, not for me**, accompanied by dismissive and demeaning remarks.

12. At the booking facility, my requests for medical care were dismissed. When I requested documentation and photographs of my injuries, officers refused to properly document them, discouraged medical care, and took only a single poorly lit photograph.

13. Medical response was delayed due to officer-provided confusion regarding my description and location, as stated by paramedics.

14. While officers were present inside my home, they permitted my neighbor—without my consent—to enter my residence and look around the living room area without any lawful purpose.

15. At all times, I was calm, verbal, and lawfully asserting my constitutional rights.

---

# POLICY, CONSTITUTIONAL, AND PROFESSIONAL VIOLATIONS

The conduct described above appears to violate, among other things:

- The **Fourth Amendment** (unlawful entry, seizure, excessive force)

- The **First Amendment** (retaliation for exercising constitutional rights)

- The **Fourteenth Amendment** (due process; denial and delay of medical care)

- The **California Constitution, Article I**

- Department policies regarding:

    o Warrantless entry

    o Truthfulness and accuracy of statements

    o Supervisor responsibilities

    o Use of force

    o Medical care for detainees

    o Documentation of injuries

    o Professional conduct

    o Protection of civilian privacy

---

# DEMAND FOR PRESERVATION OF EVIDENCE

**(SPOLIATION NOTICE)**

PLEASE TAKE NOTICE that the City, the Police Department, and all involved personnel are **hereby directed to immediately preserve all evidence** related to this incident, including but not limited to:

1. **All body-worn camera footage** from every officer and supervisor present

2. **All dash camera footage** from any patrol or supervisor vehicles

3. **All audio recordings**, including:

    o Body mic audio

    o Vehicle audio

    o Radio transmissions

o Recorded phone calls

4. **All dispatch, CAD, and radio logs**

5. **All supervisor communications**, including phone calls, text messages, and emails

6. **All use-of-force reports**

7. **All booking, detention, and medical logs**

8. **All communications with CPS**, including emails, calls, and reports

9. **Any recordings, reports, or notes** created by any officer, supervisor, or employee related to this incident

10. **Any third-party recordings** obtained or retained by the department

This demand includes **all originals, copies, backups, metadata, and archived materials**.
No evidence may be altered, overwritten, deleted, or destroyed.

Failure to preserve evidence after receipt of this notice may constitute **spoliation** and may result in adverse legal consequences.

---

# EVIDENCE CURRENTLY IN MY POSSESSION

- Video and audio recordings capturing officer statements

- Photographs of hand injuries

- Written caregiving authorization signed by the children's mother

- Ambulance / paramedic interaction

- Witnesses

Additional evidence is known to exist in the custody of law enforcement.

---

# REQUEST FOR ACTION

I respectfully request:

1. A full Internal Affairs / Professional Standards investigation

2. Immediate preservation of all evidence as demanded above

3. Identification of all officers, supervisors, and CPS personnel involved

4. Review of all body-worn camera, dash camera, and audio recordings

5. Written findings and conclusions

6. Appropriate corrective and disciplinary action

This complaint is submitted in good faith and is intended to place the agency and the City on formal notice. I expressly reserve all rights and remedies available under state and federal law.

---

**Electronically Submitted by:**

Isabel Vela

Pastor

**Date:** 2/7/26



Thank you, God Bless.

**Pastor Isabel Vela**

(559) 667-3608

"I will never leave you nor forsake you." -Hebrews 13.5

Sent from Proton Mail for iOS.

-------- Original Message --------
On Saturday, 02/07/26 at 06:59 ofh13.5 <ofh13.5@proton.me> wrote:

Law enforcement threatens to arrest a Pastor and does, for exercising her right to no entry without a warrant. Officers later enter the home without consent or warrant and allow a male civilian into the home without the owners permission or consent.

https://share.icloud.com/photos/013QalkYUVp1MRi2KcJtKTtVQ

Please share. (559) 667-3608

**EXHIBIT "D"**

# Re: DEMAND TO CURE AND CORRECT — BROWN ACT AND FRESNO CITY CHARTER VIOLATIONS (Gov. Code § 54960.1)

From    Pastor Isabel Vela <ofh13.5@proton.me>

To      mayor@fresno.gov, District1@fresno.gov, District2@fresno.gov, District3@fresno.gov, District4@fresno.gov, District5@fresno.gov, District6@fresno.gov, District7@fresno.gov, Larry.Bowlan@fresno.gov, Angela.Karst@fresno.gov, Daniel.Casas@fresno.gov, mindy.casto@fresno.gov, Ruth.quinto@fresno.gov, Tj.miller@fresno.gov, Francine.Kanne@fresno.gov, Tracy.Parvanian@fresno.gov, amanda.freeman@fresno.gov, jennifer.quintanilla@fresno.gov, erin.martin@fresno.gov, mao.lee@fresno.gov, sarah.papazian@fresno.gov, travis.stokes@fresno.gov, whitney.hendricks@fresno.gov, jesse.banuelos@fresno.gov, Gregory.barfield@fresno.gov, kristi.costa@fresno.gov, ashley.paulson@fresno.gov, brandon.collet@fresno.gov, Tina.Griffin@fresno.gov, esmeralda.soria@fresno.gov, garry.bredefeld@fresno.gov, luis.chavez@fresno.gov, miguel.arias@fresno.gov, mike.karbassi@fresno.gov, nelson.esparza@fresno.gov, tyler.maxwell@fresno.gov, jerry.dyer@fresno.gov, CityManager@fresno.gov

Date    Monday, February 23rd, 2026 at 7:47 AM

Image to support Quorum was not met.



Thank you, God Bless.

**Pastor Isabel Vela**

(559) 667-3608